UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CYNTHIA BRUMLEY,                                  Case No. DG 16-00819
                                                 Chapter 13
                    Debtor.                       Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

## I. INTRODUCTION

Cynthia Brumley (the "Debtor") filed her chapter 13 bankruptcy petition after falling behind in making payments to her home mortgage lender, Flagstar Bank or its assignees (the "Lender").  She proposed, and the court confirmed, a plan to cure the arrearage and maintain payments on her home, where she lives today, as contemplated in 11 U.S.C. § 1322(b)(5).[1]

After confirmation, the Lender, through its servicer, filed a Notice of Post Petition Fees Expenses and Charges pursuant to Rule 3002.1(c) on June 6, 2017 (the "Fee Notice"), seeking $90.00 in inspection fees (the "Fees") for six inspections of the Debtor's residence, charged at the rate of $15.00 per visit.  On June 9, 2017, the Debtor filed the Debtor's Objection to Notice of Post Petition Fees Expenses and Charges (Supplement to Claim No. 3) (ECF No. 40, the "Objection").  After reviewing the Fee Notice and the Objection, the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and any reference to a "Rule" is to one of the Federal Rules of Bankruptcy Procedure.

court set the matter for hearing which took place on July 19, 2017, in Grand Rapids, Michigan. The chapter 13 trustee, the Debtor, and the Lender all appeared at the hearing through counsel.

Given the *de minimis* amount in controversy, the parties commendably agreed that the court should resolve the dispute without an evidentiary hearing, provided the Lender promptly filed documents demonstrating to the court's satisfaction that the six inspections in fact occurred. Also during the hearing, the Lender's counsel stipulated that her client's right to collect the Fees would depend on the "underlying agreement," which she agreed is the mortgage filed in support of Claim No. 3, and "applicable non-bankruptcy law." *See* Fed. R. Bankr. P. 3002.1(e) (referring to "underlying agreement"); Mortgage dated March 24, 2008 (Proof of Claim No. 3-1, the "Mortgage").

The court has reviewed the Mortgage and the Lender's post-hearing Exhibit (ECF No. 51, the "Exhibit") and for the following reasons will sustain the Objection to the Fees.

## II. JURISDICTION

The United States District Court for the Western District of Michigan has jurisdiction over the Debtor's chapter 13 bankruptcy case pursuant to 28 U.S.C. § 1334(a), and has referred that case, and all related proceedings, to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and W.D. Mich. L.Civ.R. 83.2(a). The contested matter arising from the Debtor's Objection to the Lender's Notice is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(B) because it involves a claim against the estate. Therefore, the court has authority to resolve the contested matter with a final order.

### III. ANALYSIS

Shortly after the hearing, the Lender supplemented its Notice, as agreed, with copies of the six invoices from Mortgage Contracting Services, LLC, the vendor who evidently performed the visual inspections of the Debtor's residence on December 4, 2016, January 6, 2017, February 3, 2017, March 7, 2017, April 3, 2017, and May 5, 2017. Based on the parties' stipulation, the court is satisfied that, as a matter of fact, the property inspections, whatever they entailed, occurred on the dates reflected in the Notice and the invoices included in the post-hearing Exhibit.

Moreover, based on the report of the chapter 13 trustee's counsel during the hearing, there is no controversy that the Debtor is current on her post-petition obligations to the Lender under the Mortgage, although she has a "minimal delinquency" of $312.08 in her plan payments (approximately 1/3 of one monthly payment). Of course, she has not yet cured the prepetition arrearage, so she remains in default on her obligations under the Mortgage. Indeed, the Lender argues that this default alone triggers the obligation to pay the Fees.

Rule 3002.1 requires the Lender to serve the Notice within 180 days after the Fees are incurred. Fed. R. Bankr. P. 3002.1(c).[2] Procedurally, the matter is before the court on the Debtor's Objection, which is actually a motion for determination of fees under Rule 3002.1(e). *In re Lighty*, 513 B.R. 489, 490 (Bankr. D.S.C. 2014) (treating "objection" to post-petition charge as motion under Rule 3002.1(c)). Although the Debtor filed the

---

[2] Here, the Notice was served on June 6, 2017, so it is timely with respect to all of the Fees except perhaps the $15.00 fee for the inspection that occurred on December 4, 2016 (assuming the Lender "incurred" the obligation to pay for the inspection when it occurred, rather than when it was billed or paid for the service). Given the court's conclusion about the authority to collect the Fees, it need not decide when they were "incurred."

Objection, the court concludes that the Lender must bear the burden of proving its entitlement to the post-petition Fees.  Under Rule 3002.1(d), the *prima facie* evidentiary benefits of filing a proof of claim under Rule 3001(f) do not apply to a creditor's notice of post-petition fees, which suggests that the drafters did not intend to afford creditors any special advantage with respect to supplemental fees and charges.  Moreover, the creditor is the party seeking to change the *status quo* by asking for amounts beyond the amount set forth in the original proof of claim -- a typical basis for assigning the burden of proof, and the Debtor's request for a "determination" or declaratory relief under Rule 3002.1(e) does not change this fact.  Similarly, in general the creditor is the entity with the greater knowledge of the circumstances giving rise to the supplemental charges and is (compared to the impecunious consumer debtor) the entity with superior resources.  Finally on this question, if this dispute were not in bankruptcy court and the Lender had resorted to state judicial process, the courts of Michigan would certainly require the Lender to prove up its claim.  The filing of the bankruptcy case does not change this, at least not without some stronger indication in the statute or rules.  Under the circumstances, it seems sensible and convenient to assign the burden of proof to the creditor under Rule 3002.1(e).  *Cf. In re Bodrick*, 498 B.R. 793, 803-04 (Bankr. N.D. Ohio 2013); *In re Rodriguez*, 2013 WL 3430872, slip op. No. 08—80025-G3-13 (Bankr. S.D. Tex. July 8, 2013); *see generally* 2 McCormick On Evid. § 337 (7th ed.) (considerations affecting allocation of burden of proof).  Therefore, the court finds that the risk of non-persuasion under Rule 3002.1(e) falls on the Lender.

As noted above, the parties agreed to permit the court to decide the entitlement to the Fees based on its review of the Mortgage attached to the Lender's Proof of Claim No.

3.  That document, at paragraph 5 under the heading "Uniform Covenants," does authorize the Lender to inspect the property, "if the Property is vacant or abandoned or the loan is in default."  *See* Mortgage at ¶ 5.  That paragraph, however, does not itself authorize the imposition of fees (only the inspection), leaving the question of fees to paragraph 8. Paragraph 8, in turn, simply provides that "Lender may collect fees and charges authorized by the Secretary," defined earlier in the Mortgage as the Secretary of Housing and Urban Development ("HUD").  *See* Mortgage at ¶ 8.  Consistent with this reference to HUD, Debtor's counsel indicated that the Mortgage is insured by the Federal Housing Administration or "FHA," an agency within HUD.  Thus, from the Mortgage, it plainly appears that the Lender's right to fees, including the Fees for inspecting the property under paragraph 5, depends on the Secretary of HUD having authorized the fees, presumably by promulgating regulations.    The Lender, however, has not identified any such regulations -- the "applicable non-bankruptcy law" mentioned in Rule 3002.1(e) -- so it is impossible to say whether or to what extent the Mortgage authorizes the Lender to collect the Fees.[3]

---

[3] At the risk of speculating, the court assumes that the Debtor's residence is a single family home financed through the FHA's Single Family Mortgage Insurance Program described in 24 C.F.R. Part 203.  If so, the applicable regulation authorizes visual inspections such as the kind described during the hearing only when (i) the property is abandoned or vacant, or (ii) after default and failure to reach the borrower by telephone within 45 days of the due date, to determine whether the property is abandoned or vacant.  24 C.F.R. § 203.377 (4–1–16 ed.).  Here, of course, there is no question that the Debtor is occupying the property, and in fact is current (except for the default she is permitted to cure under her plan).  Moreover, any fees for FHA insured property inspections must be "reasonable."  *Id.* § 203.552(a)(14) (4–1–16 ed.).  The Fees here, however, are not reasonable under the regulations given the Debtor's occupancy, availability, confirmation of her plan, and undisputed post-petition payment history.

IV. CONCLUSION & ORDER

Because the Lender has the burden of proving its entitlement to the Fees, and because it has failed to supply the court with the regulations upon which its entitlement depends under the Mortgage, the court will sustain the Objection.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection is SUSTAINED and the Lender may not collect the Fees reflected in the Notice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Cynthia Brumley, Karen Merrill Tjapkes, Esq., Brett N. Rodgers, Esq., Michael P. Hogan, Esq., and Lakeview Loan Servicing, LLC.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 24, 2017**



Scott W. Dales
United States Bankruptcy Judge